IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JONATHAN LEE RICHES, | ) | No. C 07-5419 MJJ (PR) |
| Plaintiff, | ) | **ORDER OF DISMISSAL** |
| v. | ) | |
| PATRICIA CAMPBELL HEARST, et al., | ) | |
| Defendants. | ) | |
| _____ | ) | |

    Plaintiff, a federal prisoner proceeding pro se, filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983 against Patricia Hearst, the Symbionese Liberation Army, F. Lee Bailey, and Hibernia Bank.

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

    Sections 1915A and 1915(e)(2) accord judges the unusual power to pierce the veil of

G:\PRO-SE\MJJ\CR.07\riches11.dsm.wpd

1  the complaint's factual allegations and dismiss as frivolous those claims whose factual
2  contentions are clearly baseless.  See Denton v. Hernandez, 504 U.S. 25, 32 (1992).
3  Examples are claims describing fantastic or delusional scenarios with which federal district
4  judges are all too familiar.  See Neitzke v. Williams, 490 U.S. 319, 328 (1989).  To pierce the
5  veil of the complaint's factual allegations means that a court is not bound, as it usually is
6  when making a determination based solely on the pleadings, to accept without question the
7  truth of the plaintiff's allegations.  See Denton, 504 U.S. at 32.  A finding of factual
8  frivolousness is appropriate when the facts alleged rise to the level of the irrational or the
9  wholly incredible, whether or not there are judicially noticeable facts available to contradict
10 them.  See id. at 32-33.

11         Plaintiff seeks a restraining order against defendants on the grounds that they are
12 recruiting him to "rob future banks with them."  He alleges that Ms. Hearst wrote him letters
13 in prison telling him that he looked "cute," that she and Mr. Bailey would "break [him] out"
14 of prison, and that plaintiff would then help her rob banks using identity theft.  He further
15 alleges that when he declined, she threatened to come to his prison with her "SLA Army"
16 and "gas" him "like what happened to the Iraqi Kurds."  As plaintiff's allegations are clearly
17 baseless, irrational and wholly incredible, the complaint will be dismissed as frivolous under
18 sections 1915A and 1915(e)(2).

19         For the foregoing reasons, this action is DISMISSED.
20         The Clerk shall close the file.
21         IT IS SO ORDERED.
22 DATED:  11/27/07                          _____
                                              MARTIN J. JENKINS
23                                            United States District Judge

G:\PRO-SE\MJJ\CR.07\riches11.dsm.wpd         2